UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAONE, INC. d/b/a OASIS FAMILY
FUN PARK,

                              **Plaintiff,**

                              v.                              1:04-CV-938
                                                                      (FJS/DRH)

WILLIAM OBERHOLTZER and ON THE
MARK ADVENTURE GOLF, INC. d/b/a
OBERHOLTZER CONSTRUCTION,

                              **Defendants.**
_____

**APPEARANCES**                                           **OF COUNSEL**

**TOBIN & GRIFFERTY, P.C.**                  **STEPHEN J. GRIFFERTY, ESQ.**
One Executive Centre Drive
Albany, New York 12203
Attorneys for Plaintiff

**OFFICE OF J. MARK MCQUERREY**        **J. MARK MCQUERREY, ESQ.**
5 Main Street
Hoosick Falls, New York 12090
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

       On August 6, 2004, Plaintiff filed its complaint, in which it asserted the following three causes of action: (1) breach of contract, (2) breach of the implied covenants of good faith and fair dealing, and (3) negligence.  All of these claims arise from an alleged contract between the parties concerning renovations to Plaintiff's miniature golf course.

       On January 20, 2005, the Court entered a Uniform Pretrial Scheduling Order that set

October 1, 2005, as the deadline for the completion of discovery and November 1, 2005, as the deadline for filing dispositive motions. *See* Dkt. No. 6. The Court confirmed these deadlines in a second Order dated May 13, 2005. *See* Dkt. No. 13. By letter dated June 13, 2005, the Court, once again, confirmed these deadlines. *See* Dkt. No. 14. The discovery deadline passed without extension; and, on October 25, 2005, Plaintiff moved for summary judgment. *See* Dkt. No. 17.

On December 25, 2005, Defendants' then-counsel moved to withdraw. Defendant Oberholtzer advised the Court that he had no opposition to the request; and, therefore, the Court granted the motion. *See* Dkt. Nos. 18-19; Dkt. Entry dated January 30, 2006; Dkt. Entry dated February 7, 2006. On February 27, 2006, new counsel filed a Notice of Appearance on behalf of Defendants. *See* Dkt. No. 21. Thereafter, the Court extended the deadline for Defendants to respond to Plaintiff's motion for summary judgment until April 25, 2006. *See* Dkt. Entry dated March 13, 2006.

In March 2006, Defendants sought leave to permit additional discovery to allow an engineering expert to visit Plaintiff's premises and to access designs and information regarding any modification to the site from Plaintiff's engineering plans. The Court referred this request to Magistrate Judge Homer. *See id.* After the parties filed letter briefs in support of their respective positions about this issue, Magistrate Judge Homer held a conference with the parties. *See* Dkt. No. 26.

By Order dated March 22, 2006, Magistrate Judge Homer denied Defendants' request to reopen discovery. *See* Dkt. No. 27. He began his discussion by noting that Defendants' "request comes over seven months after the deadline for [Defendants] to disclose an expert report, over five months after the close of discovery, and over four months after [P]laintiff served its motion

for summary judgment. It also occurs after repeated confirmations and reminders of the deadlines for completing such discovery." *See id.* at 2. Furthermore, Magistrate Judge Homer noted that,

> [f]rom the conference, it appears that [Defendants'] sole ground for obtaining such discovery is the contention that [their] prior retained counsel should have but failed to obtain such discovery. However, whatever accommodations need to be available to new counsel entering a case, the availability of any such accommodations have [sic] long since passed in this case given the fact that discovery has concluded and a dispositive motion is now pending.

*See id.*

Finally, Magistrate Judge Homer concluded that

> [t]o allow such additional discovery at this late date would be unfair to . . . [P]laintiff and would afford [Defendants] an undeserved tactical advantage by allowing [them] to conduct discovery after [they] ha[ve] had the benefit of seeing [P]laintiff's factual and legal arguments based on what [P]laintiff believed was the complete factual record.

*See id.*

Defendants filed an appeal from Magistrate Judge Homer's March 22, 2006 Order. *See* Dkt. No. 28. In support of their appeal, they argued that "(1) their failure to comply with the Court's discovery deadline was due to 'law office failure,' i.e., their former attorney failed to advise them of their obligations regarding discovery; and (2) the additional information they [sought was] essential to their defense of Plaintiff's motion for summary judgment." *See* Dkt. No. 34 at 2.

With respect to their first ground, Defendants asserted that, "[b]ased upon all of these 'law office failures,' . . . their failure to comply with the Court's discovery deadline was substantially

-3-

justified and that, therefore, Magistrate Judge Homer should not have imposed sanctions on them pursuant to Rule 37(b)." *See id.* at 5 (citation and footnote omitted).

This Court rejected that argument, noting that, "[d]espite Magistrate Judge Homer's specific admonitions to the parties regarding the discovery deadline, Defendants neither completed their discovery by October 1, 2005, nor asked for an extension of that deadline." *See id.* at 6-7. Therefore, the Court concluded that, "[u]nder these circumstances, Magistrate Judge Homer was well within his discretion to deny Defendants' motion to reopen discovery, at this late date, even for a limited purpose." *See id.* at 7.

The Court also rejected Defendants' argument that "'the issue of whether discovery should be reopened . . . [should] be determined in the context of the pending motion for summary judgment . . . .'" *See id.* (citing Defendants' Objections at 5). The Court concluded that "this argument provide[d] no basis for the Court to reverse Magistrate Judge Homer's Order denying Defendants' motion to reopen discovery." *See id.* Nonetheless, the Court advised Defendants that they were "not foreclosed from renewing this argument in opposition to Plaintiff's motion for summary judgment." *See id.* The Court, however, warned Defendants that "[w]hether [they] [would] ultimately be able to persuade the Court that they are entitled to relief under Rule 56(f) [could not] be determined until the arguments of both parties are fully briefed and before the Court." *See id.* at 8.

In an Order dated August 23, 2007, the Court addressed Plaintiff's motion for summary judgment and Defendants' objections thereto. Finding that issues of fact existed with regard to all of Plaintiff's claims, the Court denied Plaintiff's motion and scheduled a telephone conference to set a trial date. *See* Dkt. No. 45 at 6-7.

During that telephone conference, Defendants once again raised the issue of reopening discovery. The Court instructed Defendants to file a letter brief explaining why they needed to reopen discovery and why they did not complete discovery before the discovery deadline. *See* Dkt. Entry dated September 7, 2007. The Court also provided Plaintiff with an opportunity to respond to Defendants' arguments. *See id.* Currently before the Court are Defendants' letter brief, *see* Dkt. No. 48, and Plaintiff's response thereto, *see* Dkt. No. 49.

## II. DISCUSSION

In their letter brief, Defendants state that they are seeking to reopen discovery, limited to the following areas:

> A. Information regarding contractors who performed work at the site, including duration of work (particularly as it effected [sic] Defendant's ability to complete his work), scope of work, evidence of payment and use of the day laborers hired by Plaintiffs.
>
> B. Information regarding Plaintiff's financing for the project, including evidence of budget projections and documentation submitted in relation to financing of the project.
>
> C. Engineering designs and information regarding various modifications thereto.
>
> D. Information explaining the nature and uses of the items purchased by Plaintiffs as documented by receipts and summaries provided by Plaintiffs in their motion papers. A number of documents are unclear as to what was purchased, and Plaintiff's [sic] fail to describe how each expense was for activities that were within the scope of Defendant's alleged responsibilities. Defendant was only involved in a portion of a much large [sic] project. Many of the documents provided by Plaintiff cannot be identified as

>being for expenses related to activities that were to be
>performed by Defendant.

*See* Dkt. No. 48 at 1-2.[1]

Moreover, Defendants want to reopen discovery so that they and their engineering expert can conduct a site visit. To support this part of their request, they argue that,

>[i]n order to confirm and evaluate [Plaintiff's allegations that they
>were required to remove and reconstruct a number of portions of
>the work that Defendants performed,] it is necessary for Defendant
>and his engineer to have access to the site and to document what
>was in fact done by Plaintiff's replacement contractors.

*See id.* at 2.

To support their motion to reopen discovery, Defendants rely upon the same arguments that they made in opposition to Plaintiff's motion for summary judgment, primarily the failures of their prior counsel. *See id.* In addition, they assert that they have limited their request to reopen discovery to matters that are essential to permitting a fair trial and that they and their engineer are ready to respond to any of Plaintiff's discovery questions. *See id.*

Although Defendants cite several cases to support their motion, all of these cases are easily distinguishable and none of them are determinative of this issue. In fact, all of these cases address the issue of preclusion, **not** the issue that is the basis for Defendants' motion, i.e., whether, despite their total disregard for the pretrial discovery deadline in this case, the Court should grant their request to reopen discovery so that they can obtain additional information that has always been available to them. *See Bucher v. Gainey Transp. Serv. of IN, Inc.*, 167 F.R.D.

---

[1] Defendants also raise several other issues in their letter brief – the timing of Rule 26 disclosures, the possibility of Rule 37 sanctions, and what limits the Court might place on the information and witnesses that they might offer at trial – none of which are relevant to their motion. Therefore, the Court will not address these issues.

387 (M.D. Penn. 1996) (denying the defendants' motion to preclude the plaintiffs from presenting expert testimony at trial because the defendants were made aware of the substance of the expert's opinions and the general basis for those opinions on or before the deadline); *In re Indep. Serv. Orgs. Antitrust Litigation*, 168 F.R.D. 651 (D. Kan. 1996) (denying the defendant's motion to exclude the plaintiffs from offering certain evidence at trial because the plaintiffs had allegedly refused to reveal certain information and had abused the discovery process because it was impossible to determine whether or not the plaintiffs were withholding relevant evidence or were simply unable to obtain the information that the defendant sought and because the prejudice to the defendant was minimal); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584 (W.D.N.Y. 1995) (denying the defendant's motion to preclude the testimony of the plaintiff's expert because the plaintiff had made some effort to submit all of the required components of the expert's report before the deadline for doing so had expired).

As the record in this case indicates, Defendants have repeatedly ignored the Court's orders and pretrial discovery deadline. Moreover, Defendants never moved for an extension of the discovery deadline, and they never identified an expert until they relied upon that expert's opinion in opposition to Plaintiff's motion for summary judgment. Despite Defendants' assertion to the contrary, the Court finds that such conduct demonstrates Defendants' flagrant disregard of the Court's scheduling Order and the Federal Rules of Civil Procedure. Furthermore, the Court notes that it has been nearly two years since the discovery deadline expired, the Court has denied Plaintiff's motion for summary judgment, and this case is trial ready. Thus, to reopen discovery at this late date would be very prejudicial to Plaintiff and would reward Defendants' dilatory and unjustified conduct.

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to reopen discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 8, 2007
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge